

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable G. C. Morris, Chairman
Joint Legislative Committee
Greenville, Texas

Dear Senator Morris:        Opinion No. O-7462

Re: Interpretation of S. B. No. 167
of the 49th Legislature in respect
to the meaning of "budgetary need".

Your letter requesting an opinion by this department
upon the above titled subject-matter is as follows:

"As Chairman of the Joint Legislative Committee,
I am interested in securing the proper legal inter-
pretation of certain provisions of Senate Bill 107,
49th Legislature. This is the equalization law for
this biennium.

"As the result of Opinion #0-7241, the officials
charged with the duty of administering this law are
faced with certain difficulties in said administra-
tion. It has been our interpretation that the funda-
mental basis for securing state aid under this law
was the ability of the applying school to show a need
for such aid. There are different types of aid pro-
vided for under the terms of this law. The opinion
referred to above is related to transportation aid
only. Although your opinion states that the basis
for such transportation aid is 'need', it is neces-
sary that this term be defined in order that the ad-
ministrating officer of our committee may determine
the eligibility of those schools applying for trans-
portation aid. In our opinion the law provides that
any school applying for any type of aid must show by
its budget need for such aid and that said applying
school must abide by the provisions in this act which
set up a minimum tax rate and salary schedule.

"In order to clarify your former opinion, we
would like to submit the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. C. Morris - page 2

"1.  What is Budgetary Need?

"2.  Should a school who makes application
      for transportation aid only
      be required to show budgetary need?"

In our Opinion No. 0-7241, referred to by you, we pointed out that Article V of S. B. No. 167, deals with the specific subject of transportation aid, and discussed quite fully the relative importance of a special provision contained in a general act, and held there was no conflict between Section 1 of Article I of the Bill and Article V, dealing with the specific part of the main bill, to-wit, transportation aid. Further, we pointed out that Article V did have the effect, by reason of its specificness to operate as a proviso or exception from Section 1, of certain eligibility requirements for aid. In that opinion we quoted from Article V the following:

"Provided further that all school districts containing one hundred (100) square miles of territory or more, or which have less than one enumerated scholastic per square mile may receive three dollars and twenty-five cents ($3.25) per month per pupil; provided further, that all counties having less than three (3) enumerated scholastics per square mile in the entire county shall receive three dollars and fifty cents ($3.50) per month per pupil as transportation aid when there is a need shown therefor as provided herein."

Article V, although a proviso or exception lessening the eligibility requirements contained in Section 1, Article I of the Act, did not purport to except the essential requirement of "a need shown", even though other eligibility requirements were rendered inoperative as to transportation aid. From reading the entire Bill, we think there is an overall intention that no aid of any kind should be allowed except in case of need therefor by the district.

Moreover, in the concluding paragraph of Opinion No. 0-7241, in enumerating certain eligibility requirements for transportation aid, we expressly included "a need therefor." (Emphasis supplied)

We think, in accord with your interpretation of the situation in your letter, that this need of transportation aid may be determined and should be determined as a condition precedent to the extension of such aid.

From what we have said it follows we mean to answer your questions categorically, as follows:

1. Coming to your specific request for definition of "budgetary need", we find the term defined in Section 5 of Article I of the statute under consideration as follows:

"The term 'budgetary need' as used in this Act, is defined as the difference between the total of all revenues of the district and the total of all operating expenses if such expenses are greater than the revenues. The revenues of the district shall include: (1) state and county available, local maintenance, and state aid balances brought forward from the preceding year; (2) state and county available and local maintenance receipts derived from a local maintenance tax of Fifty Cents (50¢) on the One Hundred Dollars ($100.00) valuation for the current year; and (3) tuition to be collected locally. The operating expenses of the district shall include: (1) salaries of teachers and administrators according to the schedule of allowances for same as provided in Article III of this Act; (2) operating expenses according to the schedule of allowances for same as provided in Article II of this Act."

In order to show "budgetary need" in matters of transportation, therefore, a district must show a deficit between revenues of the district, as defined by Section 5, supra, and operating expenses, likewise as defined by Section 5, but including as expenses of operation approved transportation costs not in excess of the amounts allowable under Article V. Indeed, it is specifically provided in Article V that, "The expenses of such transportation shall be paid on the basis of budgetary need as indicated by approved State aid application. * * *"

2. Any school making application for transportation aid only should be required to show that there existed such budgetary need.

177

It was not contemplated by this Legislature that any aid of any type should ever be granted without a need therefor being shown.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

OS-MR



APPROVED
OPINION
COMMITTEE
BY